ANDREA GOODMAN *v.* METALLIC LADDER
MANUFACTURING CORPORATION ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued April 11—decision released May 27, 1980

*Irwin E. Friedman,* with whom, on the brief, was *Bracken C. O'Neill,* for the appellant (defendant).

*L. Douglas Shrader,* with whom, on the brief, was *Joseph C. Gasparrini,* for the appellee (plaintiff).

PER CURIAM. In this personal injury action, brought in two counts, the defendant Metallic Ladder Manufacturing Corporation (hereinafter Metallic) has appealed from a judgment for the plaintiff rendered upon a jury's verdict. The plaintiff instituted this action for damages for personal injuries sustained in the use of a diving trampoline at a summer camp. The first count of the complaint alleged a cause of action in strict tort liability and the second count alleged a cause of action for breach of implied warranty.

In the strict tort liability count the plaintiff alleged that: The defendant Speedy Auto Top and

Seat Cover Company[1] manufactured nylon diving pads which it in turn sold to Metallic to be incorporated as an integral part of their diving trampoline; both defendants expected the diving trampoline and its component parts, including the diving pad, to reach purchasers and ultimate users of the device without substantial change in condition from that in which it was sold; and the trampoline did in fact reach ultimate users, including the plaintiff, without substantial change in its condition. The plaintiff also alleged that the diving trampoline was in a "defective and unreasonably dangerous" condition in that certain nylon loops on the nylon diving pad portion of the trampoline used to connect the pad to the frame were not of sufficient strength, design or construction to withstand the weight of a person jumping on the trampoline, and that this defective condition caused the plaintiff's injuries.

In the second count, the plaintiff alleged that Metallic had breached the warranty of merchantability provided for in General Statutes § 42a-2-314[2] because the trampoline was not fit for the ordinary purposes for which it was intended, and that as a result of that breach the plaintiff sustained certain injuries. Metallic pleaded two "special defenses,"

---

[1] The action was withdrawn before trial as to the defendant Speedy Auto Top and Seat Cover Company.

[2] "[General Statutes] Sec. 42a-2-314. IMPLIED WARRANTY: MERCHANTABILITY; USAGE OF TRADE. (1) Unless excluded or modified as provided by section 42a-2-316, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which

both of which were directed to the first count.[3] The trial court denied Metallic's motion for a directed verdict, as well as its motion to set aside the verdict.

On appeal, Metallic asserts that the plaintiff failed to sustain her burden of proof on the strict liability count because she failed to prove: that the trampoline pad had reached the ultimate user or consumer without any substantial change in its condition; the existence and nature of any defect in the trampoline pad; and that any such defect existed at the time of sale.

We need not reach Metallic's claims directed to the first count, to which its brief and argument before us were devoted. In its preliminary statement of issues and in its brief, Metallic makes no claim of error with respect to the verdict on the second count on breach of implied warranty. Because the complaint is divided into two counts, and a general verdict was rendered, the jury may have followed either or both of the two theories set forth in reaching its verdict. Therefore, even

---

such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified as provided by section 42a-2-316 other implied warranties may arise from course of dealing or usage of trade."

[3] In the first "special defense" Metallic alleged that the trampoline did not reach the plaintiff "in substantially the same condition as when it was sold by the defendant." It is questionable whether this claim is in fact a special defense. See Practice Book, 1978, § 164. In the second special defense, Metallic claimed that the trampoline was improperly maintained and, therefore, misused, "which bars any strict tort liability." Neither of these two "special defenses" was submitted to the jury, however.

assuming that the defendant's attack on the strict liability count has merit, the verdict is unassailed and properly sustainable on the implied warranty count. We will not assume that the jury subscribed to a potentially erroneous theory of recovery where they were presented with a proper one. No interrogatories were submitted to the jury. See *Hardy* v. *Weitzman,* 147 Conn. 727, 728, 162 A.2d 507 (1960); *Ford* v. *H. W. Dubiskie & Co.,* 105 Conn. 572, 582, 136 A. 560 (1927). Had appropriate interrogatories been submitted, it would have been possible to discern the legal basis of the verdict and avoid the consequences of the general verdict rule. See *Henry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 411, 363 A.2d 86 (1975), and cases there cited; Practice Book, 1978, § 312. Metallic does not claim any error in the court's rulings on evidence. Nor does it challenge on appeal the court's instructions to the jury. We may assume that the jury was therefore properly instructed on the principles of law and that they followed those principles. See *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 362, 294 A.2d 305 (1972); *Dillon* v. *Tarantino,* 149 Conn. 377, 380, 179 A.2d 833 (1962). Since the verdict was general, all the issues of fact are presumed to have been found in favor of the plaintiff. *Dulski* v. *Appel,* 172 Conn. 187, 190, 374 A.2d 177 (1976); *Hally* v. *Hospital of St. Raphael,* supra, 362–63; *Kelly* v. *Bliss,* 160 Conn. 128, 131, 273 A.2d 873 (1970). "Where a complaint is divided into separate counts and a general verdict is returned, it will be presumed, if the charge and all rulings are correct on any count, that damages were assessed as to that count and the verdict will be sustained." *Johnson* v. *Flammia,* 169 Conn. 491, 495, 363 A.2d 1048 (1975). Under the

circumstances, the general verdict, which finds support in the second count, will be sustained. *Franks v. Lockwood,* 146 Conn. 273, 279, 150 A.2d 215 (1959) ; *Ziman* v. *Whitley,* 110 Conn. 108, 112, 147 A. 370 (1929).

There is no error.