JAMES T. KALLEHER *v.* JAMES T. ORR

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued January 13—decision released February 10, 1981

*David M. Reilly,* with whom, on the brief, was *Matthew G. Galligan,* for the appellant (plaintiff).

*Bruce W. Thompson,* for the appellee (defendant).

PER CURIAM. This appeal challenges the propriety of a judgment for the defendant in a case arising out of an early-morning collision between two cars in Durham in 1974. The plaintiff James T. Kalleher brought an action against the defendant James T. Orr, alleging that the defendant's negligence had caused personal injury to the plaintiff. The defendant both denied his own negligence and, by way of special defense, put into issue the plaintiff's negligence. After a jury verdict for the defendant, and the trial court's refusal to set it aside, the plaintiff appealed from the judgment rendered for the defendant.

The principal claim of error on this appeal is that the verdict of the jury was against the evidence. Our review of a trial court's refusal to set aside a jury verdict is limited. If, on the evidence, the jury could reasonably have decided as they did, we will not find error in the trial court's acceptance of the verdict. *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220 (1971); *Giambartolomei* v. *Rocky DeCarlo & Sons,* 143 Conn. 468, 474, 123 A.2d 760 (1956). A jury verdict should not be disturbed "unless it is against the evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality." *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872 (1956). Upon review by the trial court on a motion to upset the jury's verdict and in this court, "the evidence must be given

the most favorable construction in support of the verdict of which it is reasonably capable." *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846 (1940).

The conclusion of the judge who presided at the trial and denied the plaintiff's motion to set aside the verdict is significant for he had an opportunity superior to ours to evaluate the evidence and to sense the tenor of the trial. *Rood* v. *Russo,* supra, 5; *Butler* v. *Steck,* 146 Conn. 114, 119, 148 A.2d 246 (1959). He held that the evidence, which in this case is governed by the law of comparative negligence; General Statutes § 52-572h (a);[1] "was not so clear-cut that the jury could not reasonably have found in favor of the defendant." "The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. *Waldron* v. *Raccio,* 166 Conn. 608, 618, 353 A.2d 770 [1974]; *Neal* v. *Shiels, Inc.,* 166 Conn. 3, 19, 347 A.2d 102 [1974]." *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172 (1976).

The jury's general verdict for the defendant might have been premised either on absence of negligence on the part of the defendant or on comparatively greater negligence on the part of the plaintiff. General Statutes § 52-572h (a); *Messina* v. *Iannucci,* 174 Conn. 275, 276–77, 386 A.2d 241 (1978). The jury's general verdict must be sustained if either of these bases is legally supportable. *Goodman* v.

---

[1] "[General Statutes] Sec. 52-572h. NEGLIGENCE ACTIONS. DOC-TRINES APPLICABLE. (a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering."

*Metallic Ladder Mfg. Corporation,* 181 Conn. 62, 64–65, 434 A.2d 324 (1980).   There was, on the issue of the plaintiff's negligence, testimony which the jury might have believed concerning the plaintiff's failure to use his directional signal and to keep a proper lookout.   This court cannot retry the facts or pass upon the credibility of the witnesses. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975).   The verdict returned in this case showed that the jury chose to believe the defendant and his witnesses, rather than the plaintiff and his witnesses.

Whether we view this appeal as a challenge to the jury's determination of the issues of fact; *Bogart* v. *Tucker,* 164 Conn. 277, 282–83, 320 A.2d 803 (1973); *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220 (1971); or as an attack upon the trial court's exercise of its wide discretion in deciding motions to set aside a jury verdict; *Riccio* v. *Abate,* 176 Conn. 415, 417–18, 407 A.2d 1005 (1979); it cannot succeed.

There is no error.