## LEO HERB III *v.* GEORGE KERR
### (11263)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued January 7—decision released May 17, 1983

*Francis A. Smith, Jr.,* with whom was *Robert F. Moriarty,* for the appellant (defendant).

*Anthony P. Copertino, Jr.,* with whom was *Leopold P. DeFusco,* for the appellee (plaintiff).

SPEZIALE, C. J. This appeal from a judgment in an action for negligence raises the following issues: (1) whether the trial court erred in its instructions on the element of proximate causation; (2) whether the trial court erred in refusing either to set aside the verdict as being excessive or to order a remittitur; and (3) whether the trial court erred in refusing to set aside the verdict as being against the law and the evidence. We find no error.

The jury could reasonably have found the following facts: On the afternoon of June 9, 1976, the plaintiff had stopped his motorcycle at a red light at an intersection on Main Street in the town of Stratford, in the southbound lane. The defendant's automobile had stopped nearby at another traffic signal, facing northbound. When the lights changed, the plaintiff drove straight ahead, but the defendant turned left across Main

Street, thereby colliding with the plaintiff's motorcycle. The collision caused substantial injuries to the plaintiff.

The plaintiff's amended complaint set forth a cause of action in both common law and statutory negligence. In his answer the defendant denied being negligent, alleged by way of special defense that the plaintiff's damages were due to his own negligence, and counterclaimed for damage to his own automobile.

The defendant's first claim of error is based on the trial court's failure to repeat its instructions on the element of proximate causation after charging the jury on statutory negligence. The defendant claims that the trial court's failure to repeat the proximate causation requirement after its lengthy explanation of the statutes involved led the jury to believe it could impose liability solely on the basis of the statutory violation without regard for whether the violation proximately caused the collision and the plaintiff's damages.

It is a well settled rule that "a charge to the jury is to be read as an entirety and to be judged by its total effect . . . ." *Oberempt* v. *Egri*, 176 Conn. 652, 656, 410 A.2d 482 (1979); *Magnon* v. *Glickman*, 185 Conn. 234, 245, 440 A.2d 909 (1981). If a trial court has already "charged thoroughly . . . on the subject of proximate cause . . . [t]here [is] no necessity to repeat those portions of the charge." *DePaola* v. *Seamour*, 163 Conn. 246, 253, 303 A.2d 737 (1972). In the case before us, the trial court's instruction that a statutory violation must have proximately caused the plaintiff's damages in order to be actionable was given

just prior to its instruction on the various allegations of negligence set forth in the complaint, and provided sufficient guidance for the jury.[1]

The defendant's second claim is that the trial court erred in refusing either to set aside the verdict as being excessive or to order a remittitur where only $21,442.31 of a $202,500 award represented special damages. " 'The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. . . . On appeal, the conclusion of the trial court from the vantage point of the trial bench cannot be disturbed unless the court abused its discretion. . . .' *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172 [1976]." (Citations omitted.) *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 349, 422 A.2d 260 (1979). The assessment of damages is peculiarly within the province of the trier and the award will be sustained so long as it does not shock the sense of justice. The test is whether the amount of damages awarded falls within the necessarily uncertain limits of fair and just damages. *Manning* v. *Michael,* 188 Conn. 607, 616, 452 A.2d 1157 (1982).

---

[1] In its charge on proximate cause the court instructed: "If you find that the Plaintiffs have proved that the Defendant was negligent in some one or more, at least one, of the ways alleged in the Complaint and that one or more of those acts or admissions so alleged and proved to have been negligent constituted a proximate cause of the collision, then the Plaintiff would have proven himself entitled to a verdict. . . . In addition to . . . common law negligence, there is also what may be referred to as statutory negligence which consists of the violation of any statute which sets up or prescribes a rule of conduct to be followed by a person under the circumstances obtaining in a given situation. A violation of such applicable statute by one in a situation governed by that statute is negligence per se. That is, it must be found to be negligence, as a matter of law. Whether negligence consist in a breach of the common law duty to exercise reasonable care or in a breach of a statutory rule of conduct, a Plaintiff must prove that such breach was a proximate cause of his injury, if he is to make out his case of actionable negligence."

Concerning the plaintiff's injuries, the jury could reasonably have found the following facts: As a result of the accident the plaintiff suffered numerous fractures of his right leg and forearm, lacerations, and contusions. The severity of the fractures required the insertion of a stainless steel rod and steel plates involving numerous surgical procedures. Eventually the metal implants had to be removed by additional surgery. The plaintiff sustained permanent disability consisting of 15 percent of the use of his right leg and 20 percent of the use of his right arm, and he will continue to suffer pain and discomfort from the injuries for the rest of his life. It was stipulated by the parties before the jury that the plaintiff had a future life expectancy of forty-six and one-half years. The expert witness' testimony regarding the surgical procedures undergone by the plaintiff, the pain involved, and the permanent disability resulting from the injuries was uncontroverted. In view of the above, the trial court did not abuse its discretion in denying the defendant's motion to set aside the verdict or to order a remittitur.

The defendant's final claim is that the trial court erred in refusing to set aside the verdict as being against the law and the evidence. The evidence offered at trial "must be given the most favorable construction to which it is reasonably entitled in support of the verdict . . . ." *Josephson* v. *Meyers,* 180 Conn. 302, 313, 429 A.2d 877 (1980). Applying this principle to the case before us, we conclude that the record strongly supports the jury's determination that the defendant was negligent and that his negligence caused the plaintiff to suffer substantial damages.

There is no error.

In this opinion the other judges concurred.