MARGARET MALMBERG, ADMINISTRATRIX (ESTATE OF SCOTT C. MALMBERG) *v.* ANN MARIE LOPEZ

(3849)

HULL, SPALLONE and COVELLO, Js.

*(One judge dissenting)*

Argued April 7—decision released September 22, 1987

*John D. Jessep,* for the appellant (plaintiff).

*Paul E. Pollock,* for the appellee (defendant).

SPALLONE, J. The plaintiff administratrix of the estate of the decedent, Scott Malmberg, is appealing from the judgment of the trial court after the jury returned a verdict for the plaintiff but awarded zero damages. The plaintiff claims that the trial court erred in denying her motion to set aside the verdict. We agree and find error.

The jury could reasonably have found the following facts. On the evening of May 15, 1982, Scott Malmberg, and his date, Ann Marie Lopez, attended a social gathering at the home of Dwight Kettlehut in Cheshire. Malmberg had driven Lopez and Doreen Mosesian to the party after picking them up at Mosesian's home in West Hartford. They arrived at the party at about 10 p.m. At the party, beer, fruit juice and vodka punch were available for consumption.

The party broke up at about 12:30 a.m. Thereafter, with the defendant, Kettlehut and Mosesian as passengers, Malmberg began driving toward West Hartford, via I-84, to take Mosesian and Lopez to Mosesian's house where both women were to spend the night. The trip began with Malmberg in the driver's seat, Lopez in the front passenger seat, Kettlehut in the center of the back seat, and Mosesian to his left. At some point on I-84, Malmberg, complaining of a pain in his shoulder, asked the defendant if she would drive. Upon her assent, he pulled to the side of the road and they changed places. With the defendant driving, they proceeded on toward West Hartford.

At a point near exit 39 on eastbound I-84, the defendant was proceeding in the left hand lane approaching an exit ramp situated on the left. The car then went off the highway to the left and struck a light pole and a guardrail and rolled down an embankment. Kettlehut and Mosesian were not injured and crawled out of the vehicle through the rear window. Kettlehut

observed that Malmberg and the defendant were not in the car. Kettlehut called for Malmberg and then went up the embankment to the highway, where he saw a silhouette on the road that proved to be Malmberg. Kettlehut then flagged down a passing car from which one person got out and another continued on to seek help. Kettlehut then discovered the defendant on the embankment. Shortly thereafter, the police and an ambulance arrived on the scene. Malmberg later died because of fractured cervical vertebrae.

During the trial, Kettlehut testified substantially as stated above. The defendant testified that she had planned to spend the night at Mosesian's house located on Farmington Avenue in West Hartford and that the accident happened in the area of the exit for the town of Farmington. She stated that she was unfamiliar with that portion of the highway near the exit. The defendant could remember nothing else about the accident at the trial. The plaintiff, however, introduced into evidence an accident report filed by the defendant one month after the accident. In this report, the defendant admitted that she was the operator of the vehicle at the time of the accident and that while so engaged she was involved in an accident in Farmington on I-84 near exit 39 eastbound. In describing what happened, the defendant stated in the report that "Vehicle #1 went off I-84 and hit a light pole and guardrail and rolled down the embankment." She also stated in the report that one person had been killed in the accident. The plaintiff also introduced into evidence a certified copy of Malmberg's death certificate, which stated that on May 16, 1982 at 1:30 a.m. in the town of Farmington, Scott Malmberg was a passenger in an auto that left the road at a highway exit ramp at exit 39 of I-84 eastbound and that he died in an accident of fractured cervical vertebrae.

After deliberating, the jury returned a plaintiff's verdict which read: "In this case the Jury finds the issues for the Plaintiffs [sic] Margaret Malmberg, Administratrix of the Estate of Scott Malmberg, as against the Defendant, Anne Marie Lopez, and therefore finds for said Plaintiff to recover of the defendant $0.00 (ZERO) dollars damages."

The plaintiff thereafter filed a motion to set aside the verdict, claiming that the award of zero damages was contrary to the law and the evidence and requesting a new trial on the issue of damages only. The court denied the motion, reasoning that the jury could reasonably have concluded that the plaintiff had failed to prove that the defendant's conduct was the proximate cause of Malmberg's death. The court observed that there was no evidence as to the manner in which the decedent had exited the vehicle, and that it was entirely possible that the decedent left the vehicle, returned to the highway and was thereafter struck by a motor vehicle. The court concluded that "the verdict was not only not against the weight of the evidence but rather represented a logical and reasonable result." The court thereafter rendered judgment in accordance with the jury verdict, and the plaintiff appealed.

Initially, we note that the trial court apparently assumed that the jury's return of a plaintiff's verdict and zero damages was the legal equivalent to a finding of a defendant's verdict. Such an assumption is incorrect. When rendering a defendant's verdict, a jury finds that the plaintiff has failed to establish that the defendant is liable; the jury never reaches the issue of damages.[1] See *Bonner* v. *Winter,* 175 Conn. 41, 48, 392 A.2d 436 (1978). In rendering a plaintiff's verdict with zero damages, however, the jury finds the defendant

---

[1] The court made this clear in its charge to the jury. See footnote 6, infra.

liable, but further finds that the plaintiff has failed to prove damages.[2]

In ruling on the plaintiff's motion to set aside the verdict, therefore, the trial court misperceived its task. Rather than attempting to determine whether the jury could reasonably find that the plaintiff failed to prove liability—a finding contrary to the jury's verdict—the court should have determined whether the award was inadequate as a matter of law.[3] In determining whether an award is inadequate, the basic question is " 'whether the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.' " *Zarrelli* v. *Barnum*

---

[2] Where a plaintiff has established liability but has failed to prove actual damages, an award of nominal damages is appropriate. *Riccio* v. *Abate,* 176 Conn. 415, 418-19, 407 A.2d 1005 (1979); *Covey* v. *Wilson,* 4 Conn. App. 233, 239, 493 A.2d 290 (1985). " 'Nominal damages means no damages. They exist in name only and not in amount.' " *Sessa* v. *Gigliotti,* 165 Conn. 620, 622, 345 A.2d 45 (1973).

[3] Alternatively, when reviewing a motion to set aside the verdict in a case where the jury has returned a plaintiff's verdict for nominal damages, a trial court is justified in denying the motion if it concludes that it would be proper to set aside the verdict on liability. *Johnson* v. *Franklin,* 112 Conn. 228, 231, 152 A. 64 (1930). See discussion at footnote 4, infra and accompanying text. In the present case, however, the trial court, did *not* rely on this alternate rationale when denying the plaintiff's motion to set aside the verdict. Although the trial court concluded that the jury could reasonably have found that the plaintiff failed to establish the defendant's liability, it was operating under the erroneous assumption that a jury verdict of zero damages was the legal equivalent of a defendant's verdict. Viewing the evidence in the light most favorable to what it considered to be a defendant's verdict; *Carrier* v. *Rodrigue,* 3 Conn. App. 401, 402, 488 A.2d 845 (1985); the court found that the jury could reasonably conclude that the plaintiff has failed to establish the defendant's liability. The trial court, however, never addressed the issue of whether, viewing the evidence in the light most favorable to sustaining a plaintiff's verdict, it would have been justified in setting aside the verdict, thereby further justifying the denial of the plaintiff's motion to set aside the verdict.

*Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25 (1986), quoting *Briggs* v. *Becker,* 101 Conn. 62, 66–67, 124 A 826 (1924).

Under this standard, there can be little doubt that the award in this case was inadequate as a matter of law. The elements of damages in death cases consist of reasonably necessary medical, hospital and funeral expenses together with "just damages" including: "(1) the value of the decedent's lost earning capacity less deductions for [his] necessary living expenses and taking into consideration that a present cash payment will be made, (2) compensation for the destruction of [his] capacity to carry on and enjoy life's activities in a way [he] would have done had [he] lived, and (3) compensation for conscious pain and suffering." *Katsetos* v. *Nolan,* 170 Conn. 637, 657, 368 A.2d 172 (1976); *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 328. The defendant does not contend, nor did the court below find, that the evidence introduced by the plaintiff on these elements was in any way speculative or unconvincing. We conclude, therefore, that zero damages is clearly inadequate in the face of the evidence adduced at trial and that the court erred in denying the plaintiff's motion to set aside the verdict.

The defendant claims that the judgment of the trial court should nonetheless be affirmed because the trial court would have been justified in setting aside the plaintiff's verdict on the ground that the plaintiff failed to establish that the defendant was negligent or that any negligence caused the accident. Our Supreme Court has held that it is proper to refuse to set aside a plaintiff's verdict for nominal damages where the evidence fails to demonstrate that the plaintiff has established the defendant's liability. *Johnson* v. *Franklin,* 112 Conn. 228, 230, 152 A. 64 (1930).[4] The defendant prop-

---

[4] "The real aggrieved party in such case is the party against whom the verdict, even though small, was rendered. If he makes no complaint, cer-

erly preserved this alternate ground for review by filing a preliminary statement of issues under Practice Book § 4013 (a) (1). *Southland Corporation* v. *Vernon,* 1 Conn. App. 439, 451, 473 A.2d 318 (1984).

In claiming that the plaintiff failed to establish the defendant's negligence, the defendant basically contends that the trial court would have been justified had it either directed a verdict for the defendant or set aside the verdict for the plaintiff. As to either of these instances, the evidence must be given the construction most favorable to support the verdict. *Carrier* v. *Rodrigue,* 3 Conn. App. 401, 402, 488 A.2d 845 (1985). The verdict of the jury should stand if the jury could reasonably conclude as they did. *Frankovitch* v. *Burton,* 185 Conn. 14, 15, 440 A.2d 254 (1981). In the present case, the plaintiff produced sufficient evidence from which the jury could infer that the defendant was negligent and that the defendant's negligence was the proximate cause of the decedent's death. There was evidence that the defendant had been drinking at the party, that she was unfamiliar with the highway at the place of the accident, that she was intending to exit I-84 toward Farmington Avenue in West Hartford, but went off the road at the town of Farmington exit, and that she was out past her curfew at the time of the accident. From this evidence, the jury could have found that the defendant, whether because of intoxication, confusion, or haste to arrive at her destination, had failed to keep the vehicle under proper control, thus causing the accident. Furthermore, the jury could also reasonably infer that the decedent's fractured cervical vertebrae were caused by the vehicle's collision with a light pole and guardrail, and that this injury caused his death. We therefore find that there was sufficient

tainly the prevailing party can not be heard to complain." *Johnson* v. *Franklin,* 112 Conn. 228, 231, 152 A. 64 (1930), citing *Lambert* v. *Kamp,* 101 Cal. App. 388, 392, 281 P. 690 (1929).

evidence to support the jury's verdict on liability and that the defendant's alternate ground to uphold the action of the trial court is without merit.

Although not addressed by either party,[5] we must now consider whether the remand in this case should be for a new trial on all issues or on the issue of damages only. While this issue has not been directly addressed by an appellate court in this state, it has been considered by a significant number of other jurisdictions. See annot., 29 A.L.R.2d 1199. At issue are competing policy interests: on the one hand, a concern for finality and judicial economy dictates that there should be but one fair trial on any issue and that both the state and the parties should be spared the annoyance, expense, and delay caused by a retrial on an issue to which no reversible error appears. On the other hand, issues of liability and damages may often be intertwined such that it would be unfair to litigants to limit a new trial to the issue of damages only. See 58 Am. Jur. 2d, New Trial §§ 25, 27.

Under the circumstances in this case, we find that it is appropriate to remand this matter for a hearing in damages only. We base our decision on several factors. First, although liability was contested, the plaintiff presented a strong case such that it was unlikely that the jury verdict of liability was based on bias, prejudice, or other extraneous matters. The plaintiff presented sufficient evidence of negligence, and the defendant did not allege that the decedent was contributorily negligent. The suggestion offered by the trial court, that the plaintiff's proof of causation was weak because the evidence did not preclude the possibility

[5] The plaintiff, both at the trial court and in this court, has moved for a new trial solely on the issue of damages. She has not, however, explained in her brief or at oral argument why the trial should be limited to damages. Likewise, the defendant failed to discuss this issue in her brief or at oral argument.

that the decedent was struck by another automobile, is totally speculative and was not even suggested by the defendant during the trial. We note that even if the decedent had been negligently struck by a separate automobile after the accident, it is still probable that the defendant's negligence would have been a substantial factor and thus a proximate cause of the decedent's death. See *Merhi* v. *Becker,* 164 Conn. 516, 522, 325 A.2d 270 (1973).

Second, in a wrongful death case such as this one, we find that the issues of liability and damages are conceptually distinct, making it unlikely that the jury could confuse them. Cf. *Rosenblatt* v. *Berman,* 143 Conn. 31, 39, 119 A.2d 118 (1955) (question of damages "inextricably mixed" with question of liability where the plaintiff alleged several acts upon which recovery could be based and where award of damages failed to correspond with any of the alternate measures of damages instructed by the trial judge). Moreover, the court clearly distinguished the issues of liability and damages in its charge to the the jury.[6]

Third, this does not appear to be a case where the verdict was a result of compromise where the jury agreed to a low damage award because of a perceived weakness in liability. See annot., 29 A.L.R.2d 1199,

---

[6] The court charged in pertinent part: "If you find there is no liability that is the end of the case and your verdict should be for the defendant. On the other hand, if you determine the issue of liability in favor of the plaintiff, then she is entitled to money damages under the rules which I will now give you. So, no liability, end of case. If liability is established then you proceed to consider the subject of damages." The court then charged on the elements of damages and concluded by discussing the two verdict forms presented to the jury for rendering its verdict. The court stated: "In this case if you conclude there is no liability on the part of Miss Lopez under the instructions I have given you, you use this form of verdict [defendant's] . . . . The other is a form entitled plaintiff's verdict. And you'll use this form if you resolve the issue of liability in favor of the plaintiff and resolve that the plaintiff is entitled to just damages under the instruction as I've given you."

1214, § 10. Rather, the jury appeared to have been motivated by sympathy for the defendant. The defendant was eighteen years old at the time of the accident; she had been dating the decedent at the time; at trial the defendant openly wept about the decedent's death and appeared to be still emotionally devastated; and after the jury began their deliberations, they asked to be informed about motor vehicle insurance, thus suggesting that they were concerned with whether the defendant would be personally liable. These factors indicate that the jury may have been motivated by sympathy for the defendant in finding as it did.

Finally, we are cognizant that the defendant has not attempted to preserve her rights to a new trial on all issues at any stage in these proceedings. Despite the fact that the jury returned a plaintiff's verdict, the defendant did not move to set aside that verdict, nor did she cross-appeal from the judgment sustaining the verdict, nor did she argue at any point before this court that the remand should not be solely limited to damages. The defendant was perhaps hesitant to attack a result that freed her of any obligation to pay damages. Nevertheless, in the face of a verdict finding against her on liability, the defendant bore the risk that either the trial court or this court could find that the damages awarded were inadequate and require that a new trial be held on this issue of damages. Despite this possibility, the defendant took no action to preserve any right she might have to a new trial on all issues. We are reluctant to grant the defendant relief that she never sought despite having a clear opportunity to do so. See *Nolan* v. *Spears,* 432 S.W.2d. 425, 428 (Ky. App. 1968).

There is error, the judgment is set aside as to damages only and the case is remanded for a hearing in damages before a jury.

In this opinion HULL, J., concurred.

COVELLO, J., dissenting. I respectfully disagree with the position adopted by the majority.

" 'The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness.' " *Kalleher* v. *Orr,* 183 Conn. 125, 127, 438 A.2d 843 (1981). "From the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than we can, on the printed record, what factors, if any, could have improperly influenced the jury." *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972).

The respect due the trial court's refusal to set aside a jury verdict is especially significant when the issue involves damages. "It must be borne in mind that the weight to be accorded to testimony is a matter for the jury, and the assessment of damages is peculiarly within their province." *Camp* v. *Booth,* 160 Conn. 10, 12, 273 A.2d 714 (1970).

"It serves no useful purpose to compare a verdict in one death case with those in others. No one life is like any other, and the damages for the destruction of one furnish no fixed standard for others." *Fairbanks* v. *State,* 143 Conn. 653, 661, 124 A.2d 893 (1956). "Because the trial court had an opportunity far superior to ours to evaluate the evidence . . . its conclusion will not be disturbed unless there is a clear abuse of discretion." *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 462, 439 A.2d 408 (1981).

Without assessing the evidence as to damages (or the lack of it), the majority finds an abuse of the trial court's discretion and orders a remand. I find this to be an unwarranted intrusion upon the trial court's very significant discretion in this case.

The majority further declares that a hearing in damages is now in order. Although I would not have dis-

turbed the jury's verdict, if there must be further proceedings, it is surely arguable that the finding of zero damages is reflective of some misunderstanding on the issue of liability. Such a likelihood in my view transcends any public policy considerations concerning finality and judicial economy. I would at least order a new trial.