JOHN TADDEI, SR., ET AL. *v.* KENNETH SCHWARZ ET AL.
(5141)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Submitted on briefs November 6—decision released December 1, 1987

*Donn A. Swift* filed a brief for the appellant-appellee (named plaintiff).

*James J. Szerejko* and *John W. Lemega* filed a brief for the appellees-appellants (defendants).

DUPONT, C. J. The plaintiffs brought an action against the defendants, claiming that the negligent operation of a motor vehicle driven by one of them had caused a rear end collision with the named plaintiff's[1] automobile while it was stopped at an intersection. The trial court granted the plaintiffs' motion for summary judgment on liability, and the case was tried to a jury solely on the issue of damages.[2]

The jury awarded the plaintiff $583 in damages, although he claimed $2083 in medical expenses alone. The plaintiff also claimed damages for lost wages, future earning capacity, and pain and suffering. The plaintiff's motion to set aside the verdict was denied, and the plaintiff appeals from the judgment rendered on the jury's verdict.

On review, our task is confined to determining whether the trial court abused its discretion in refusing to set aside the verdict. Our review involves an examination of the record in a light most favorable to sustaining the verdict. *Herb* v. *Kerr,* 190 Conn. 136, 140, 459 A.2d 521 (1983). The standard by which our examination is measured is " 'whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.' " *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986), quoting *Briggs* v. *Becker,* 101 Conn. 62, 66–67, 124 A. 826 (1924). " 'The trial court's refusal to set aside [a] jury

---

[1] The other plaintiffs, John Taddei, Jr., and Frances Taddei, have not appealed and the judgments for them, rendered on the jury's verdict, are not involved in this appeal. In this opinion, we will refer to John Taddei, Sr., as the plaintiff.

[2] The defendants' cross appeal, claiming error in the granting of summary judgment, was filed contingent upon a reversal of the judgment from which the plaintiff appeals, and therefore, need not be addressed, in view of this court's decision on the appeal.

verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness.' *Kalleher* v. *Orr,* 183 Conn. 125, 127, 438 A.2d 843 (1981); *Waldron* v. *Raccio,* 166 Conn. 608, 618, 353 A.2d 770 (1974). This is so because '[f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than [an appellate court] can, on the printed record, what factors, if any, could have improperly influenced the jury.' *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972)." *Zarrelli* v. *Barnum Festival Society, Inc.,* supra.

The facts in this case relating to the damages suffered by the plaintiff were hotly disputed. His testimony, beginning with his description of the impact of the cars and continuing through his recitation of medical expenses and employment related damages, was contradicted by a coplaintiff, by records of medical expenses claimed in an unrelated incident, and by his employment records. The testimony of his medical experts was undermined at trial by the revelation that he had failed to tell them about related injuries. One injury was incurred two weeks prior to the alleged injury which is the subject of this appeal and another was incurred subsequently. That the jury chose to disbelieve the testimony of the plaintiff, and of his experts, as to his medical damages is not evidence of prejudice, partiality, mistake or corruption.

The trial court did not abuse its discretion by denying the motion to set aside the verdict, as the evidence presented at trial reasonably supported the verdict. See *Zimny* v. *Cooper-Jarrett, Inc.,* 8 Conn. App. 407, 437, 513 A.2d 1235 (1986). "The concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for

sustaining the action of the trial court." *Chanosky* v. *City Building Supply Co.*, 152 Conn. 642, 643, 211 A.2d 141 (1965).

There is no error.

In this opinion the other judges concurred.