ISAAC KELLEY ET AL. *v.* GARY MONTESI ET AL.
(5704)

DALY, BIELUCH and FOTI, Js.

Submitted on briefs February 18—decision released April 12, 1988

*Daniel D. Skuret* filed a brief for the appellants (plaintiffs).

*Carolyn P. Gould* and *Shawn G. Tiernan* filed a brief for the appellees (defendants).

FOTI, J. The plaintiffs brought this action against the defendants in two counts, claiming that the negligent operation of a motor vehicle by the named defendant[1] had caused a rear end collision with the automobile driven by the plaintiff Isaac Kelley. The first count alleged that Isaac Kelley had suffered personal injuries as a consequence of the collision. The second count alleged that the plaintiff Nancy Kelley suffered a loss of consortium as a result of the injuries suffered by her husband in the accident. The jury found for the plaintiffs on both counts, awarding Isaac Kelley $20,000 in damages and Nancy Kelley zero damages. The plaintiffs appeal from the court's denial of their motion to set aside the verdict claiming it was inadequate, against the evidence and against the law on the issue of damages.

The plaintiffs' first claim is that the trial court erred in refusing to set aside the verdict awarding Isaac Kelley $20,000 in damages. In particular, they claim that evidence was presented establishing $6335 in medical expenses, $3190 in lost wages, pain and suffering, and partial disability; based on this evidence the plaintiffs assert that the award was inadequate.

"On review, our task is confined to determining whether the trial court abused its discretion in refusing to set aside the verdict. Our review involves an examination of the record in a light most favorable to sustaining the verdict. *Herb* v. *Kerr,* 190 Conn. 136, 140, 459 A.2d 521 (1983)." *Taddei* v. *Schwarz,* 12 Conn. App. 659, 660, 533 A.2d 892 (1987).

The standard of review for an appellate court is whether the damages awarded fall within the limits of

---

[1] The plaintiffs also named Montesi Volkswagen, the owner of the vehicle driven by the named defendant, as a codefendant.

fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. *Taddei v. Schwarz*, supra, 660–61; *Zarrelli v. Barnum Festival Society, Inc.*, 6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986).

The court's refusal to set aside a jury verdict is accorded great weight and every presumption should be given in favor of its correctness. *Kalleher v. Orr*, 183 Conn. 125, 127, 438 A.2d 843 (1981); *Waldron v. Raccio*, 166 Conn. 608, 618, 353 A.2d 770 (1974). "This is so because '[f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than [an appellate court] can, on the printed record, what factors, if any, could have improperly influenced the jury.' *Birgel v. Heintz*, 163 Conn. 23, 26, 301 A.2d 249 (1972)." *Zarrelli v. Barnum Festival Society, Inc.*, supra, 327.

The testimony of the named plaintiff relating to his damages was substantially undermined by evidence that he had had a similar accident subsequent to the one that is the subject of this appeal, that he suffered similar injuries in the second accident, and that he had never informed his treating physicians that he had the second accident.

Thus, the jury had a reasonable basis for doubting Isaac Kelley's claims that his injuries were caused exclusively by his collision with the named defendant. It is axiomatic that it is the jury's function to accept or reject the credibility of witnesses. See *Zarrelli v. Barnum Festival Society, Inc.*, supra, 326. This court will not find error in the trial court's acceptance of a jury verdict where, as in this case, the jury could reasonably have decided as they did. *Vazzano v. Slater*, 6 Conn. App. 1, 4, 502 A.2d 440 (1986). The court,

therefore, did not abuse its discretion by denying Isaac Kelley's motion to set aside the verdict, as the evidence presented at trial reasonably supported that verdict.

The plaintiffs also claim that the trial court erred in refusing to set aside the jury's verdict awarding the plaintiff Nancy Kelley zero damages for loss of consortium, although the jury found the defendants liable on this claim.

In rendering a plaintiff's verdict with zero damages the jury finds the defendant liable, but further finds that the plaintiff has failed to prove damages. *Malmberg* v. *Lopez,* 12 Conn. App. 438, 441–42, 531 A.2d 161 (1987). "Where a plaintiff has established liability but has failed to prove actual damages, an award of nominal damages is appropriate." Id., 442 n.2; *Riccio* v. *Abate,* 176 Conn. 415, 418–19, 407 A.2d 1005 (1979); *Covey* v. *Wilson,* 4 Conn. App. 233, 239, 493 A.2d 290 (1985). "Nominal damages means no damages. They exist only in name and not in amount." *Michael* v. *Curtis,* 60 Conn. 363, 369, 22 A. 949 (1891), quoted in *Sessa* v. *Gigliotti,* 165 Conn. 620, 622, 345 A.2d 45 (1973). "Ordinarily, we will not grant a new trial in order to entitle a plaintiff to recover merely nominal damages. . . . The circumstances of this case do not furnish an exception to this general rule." (Citations omitted.) *Sessa* v. *Gigliotti,* supra, 622.

There is no error.

In this opinion the other judges concurred.