SHELDON M. ATLAS *v.* EDWARD D. MILLER
(7622)

BORDEN, NORCOTT and FOTI, Js.

Argued October 11, 1989—decision released February 13, 1990

*David S. Grossman,* for the appellant (defendant).
*William C. Franklin,* for the appellee (plaintiff).

FOTI, J. The plaintiff sued the defendant alleging breach of contract with respect to the construction of a pool house on the plaintiff's property in Warren. After a court trial, the court rendered judgment for the plaintiff in the amount of $9138 plus interest at 10 percent from June 21, 1986, to the date of judgment amounting to $2228.16. The defendant appeals, claiming that the trial court erred (1) in finding that the plaintiff was a proper party, (2) in finding that the damages were proven, and (3) in awarding interest to the plaintiff. We find no error.

The trial court found the following facts. Over a two year period, the parties had entered into three separate and distinct contracts. The first was for the construction of the plaintiff's main house, the second for the construction of a deck to be affixed to the main house, and the third, which is the subject of this action, for the construction of a pool house approximately 400 feet from the main house.

The parties' third contract was entered into on August 13, 1984. By the terms of this agreement, the defendant agreed, inter alia, to construct a pool house for the plaintiff. The defendant began building the pool house in accordance with the contract, but ceased con-

struction after the plaintiff refused to make the final payment on the contract for the main house. When the defendant did not return to complete his work on the pool house by the date set for its completion, the plaintiff hired another contractor to finish the job.

The parties originally agreed upon a total contract price of $45,000 for the defendant's completion of the pool house. The actual total cost of the finished pool house was $65,403; $11,900 for work completed by the defendant before he refused to return and complete his contractual obligations, $42,742 paid to the substitute contractor by the plaintiff, and $10,761 claimed as extras that were not included in the substitute contract. The evidence demonstrated that the pool house, as constructed, was in fact upgraded during the negotiations with the second contractor.

The defendant first claims that the court erred in rendering judgment for the plaintiff because the plaintiff is not the owner of the real estate and therefore not a real party in interest. He points out that although the complaint alleged that the plaintiff, Sheldon M. Atlas, was the owner of the property in Warren, at trial title was admitted to be in the name of a corporation in which the plaintiff and his wife were the sole stockholders. The defendant argues that the subject matter of the contract went to the improvement of real estate and that only the owner of that real estate could be a party to this action because that owner was the only party benefited or harmed by a breach of that agreement.

It is axiomatic that the parties to a contract or a contemplated beneficiary thereof may sue to enforce the promises of that contract. Here, the contract in dispute is between the plaintiff Atlas and the defendant Miller; the corporation is not a party to that agreement, although its name appears on the agreement which was

prepared by the defendant. " 'A contract is an agreement between parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform that act.' " *Boland* v. *Catalano,* 202 Conn. 333, 336, 521 A.2d 142 (1987), quoting *Skelly* v. *Bristol Savings Bank,* 63 Conn. 83, 87, 26 A. 474 (1893). "A contract is a promise or set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." 1 Restatement (Second), Contracts § 1.

In the present case, the question of who holds title to the property is irrelevant because the contract created a right in both parties sufficient for either to proceed in a cause of action for the breach of that contract. The issue of whether the corporation that holds the title to the property can be considered a third party beneficiary of the contract was never raised or litigated at trial. The court did not err in its finding that the plaintiff was a proper party to this action.

The defendant next claims that the court erred in awarding damages to the plaintiff, in that they could not be proven with reasonable certainty and there was no reasonable basis to measure a loss.

A review of the record discloses that there was sufficient evidence at trial to support the court's conclusion that the pool house the parties contracted for and the one actually built by a different contractor were substantially the same, even after the upgrading. Both construction contracts were for specific dollar amounts, with the cost of extras and the cost of partial construction being ascertainable by the court. Further, the evidence showed that the defendant never viewed the completed pool house and, therefore, he was unable to testify as to whether it was in any way different from the pool house that was called for by his contract.

At the base of this claim is the question of whether the trier abused its discretion in light of the evidence presented to the court. We cannot retry the facts in this case. *Arbour* v. *McCullough,* 186 Conn. 280, 285–86, 440 A.2d 980 (1982); *Kalleher* v. *Orr,* 183 Conn. 125, 128, 438 A.2d 843 (1981). We have reviewed the evidence relating to the upgrading of the structure, including the extras that were added during construction, and other various items involved. Our review leads us to conclude that the decision of the trial court with respect to each of these aspects was not clearly erroneous. See Practice Book § 4061. Because the legal conclusions of the trial court are legally and logically correct and supported by the facts recited in the memorandum of decision, and because the facts in the memorandum of decision are supported by the evidence and are not clearly erroneous in light of the evidence presented and the pleadings in the whole record, we reject the defendant's claim of error. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The defendant's last claim is that the court abused its discretion in awarding interest to the plaintiff. The interest awarded by the court runs from the date the plaintiff made his final payment to the substitute contractor to the date of judgment. The defendant argues that the court abused its discretion by awarding interest in a situation where the defendant claims the court found that he had a compelling practical reason not to honor his contractual commitment, that damages were not readily ascertainable, and that no proof was presented as to when the plaintiff made his last payment to the substitute contractor.

The court's computation of the time period over which interest should be awarded was not clearly erroneous. "Interest 'may be recovered and allowed in civil actions . . . as damages for the detention of money

after it becomes due and payable.' General Statutes § 37-3a. The allowance of interest is primarily an equitable determination within the discretion of the trial court. *Milgrim* v. *DeLuca,* 195 Conn. 191, 201, 487 A.2d 522 (1985); *Bertozzi* v. *McCarthy,* 164 Conn. 463, 467, 323 A.2d 553 (1973)." *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 483, 542 A.2d 692 (1988).

Here, the court did not find legal justification for the defendant's refusal to honor the contract between the parties.[1] Likewise, it did not find that damages were not ascertainable. Further, evidence was presented as to the last date on which the plaintiff made payment to the substitute contractor.

Our review of the record reveals no abuse of discretion. The trial court, therefore, did not err in awarding the plaintiff prejudgment interest.

There is no error.

In this opinion the other judges concurred.

---

[1] The memorandum of decision states: "While there may have been compelling reasons why the defendant decided to avoid further conflict with the plaintiff with respect to payment, the defendant's action was not legally justifiable, and did subject the plaintiff to damages as a result of his noncompliance."