[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT, RITA FUSARO'S MOTION TO SET ASIDE THE VERDICT AGAINST THE PLAINTIFF, MARTIN GINSBERG
The defendant, Rita Fusaro's motion is granted.
The jurors had the choice of verdict forms in the litigation brought by Mrs. Fusaro against Dr. Ginsberg. One was a plaintiff's verdict form on the defendant Rita Fusaro's counterclaim. The other was a defendant's verdict form on the defendant's counterclaim.
It is the Court's conclusion that its charge was made sufficiently clear that in order for the defendant "to prevail on her counterclaim", not only must the jury find the plaintiff, Martin Ginsberg, negligent, but also that his negligence was the proximate cause of her injury (p. 42 charge). Further, the Court stated that the jury should consider the question of damages only in the event the defendant, Mrs. Fusaro, had prevailed on her counterclaim. (p. 42 charge)
The Court agrees that the verdict form, as amended by counsel, is perhaps not a model of clarity. The Court further CT Page 2351 agrees with counsel that the "issues" referred to in that verdict form and as defined by the Court in its charge to the jury, included issues of negligence, causation and damages. The jury would seem to have found those "issues" for the defendant when it rendered a defendant's verdict on the counterclaim verdict form. Having found negligence, proximate cause, and damages, the jury in then awarding zero damages entered a verdict that this court concludes must be set aside.
The Court believes the case of Malmberg v. Lopez,12 Conn. App. 438, cert. granted and considered further by our Supreme Court in Vol. 208 at 675 to be very informative.
In that case, the jury, in wording similar to that in our case, found "the issues for the plaintiff. . . . and therefore finds for the plaintiff to recover from the defendant $0.00 (zero) dollars damage" Malmberg, Supra,12 Conn. App. 438, 441. The Appellate Court found the Trial Court's apparent assumption that the jury's return of a plaintiff's verdict and zero damages as being the legal equivalent to a finding of a defendant's verdict, to be incorrect. The Appellate Court stated that in rendering a plaintiff's verdict with zero damages, the jury finds the defendant liable, but further finds that the plaintiff has failed to prove damages. Malmberg, Supra, 12 Conn. App. 438,441. However, on Mrs. Fusaro's counterclaim, the jury found the "issues" which included negligence, proximate cause and damages for Mrs. Fusaro. A zero award of damages would therefore seem to be inconsistent. If the jury felt that liability had been established but the defendant had failed to prove actual damages, an award of nominal damages would have been appropriate, Malmberg, Supra, 12 Conn. App. 438, 441.
The Court concludes that the jury's intent in finding the issues for the defendant on her counterclaim, but awarding zero damages, is known only to the jurors and this Court's endorsement of one plausible explanation of the verdict over another would only lead to speculation. Malmberg, Supra, 208 C 675, 683. This is especially so given what could be called the ambiguous nature of the amended verdict form. Such uncertainty requires a rehearing in full, on both liability and damages.
The motion to set aside the verdict is granted and a trial de novo is ordered.
Lawrence L. Hauser, Judge