[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDEOR FOR REMITTITUR
After oral arguments on defendant's motions to set aside or for remittitur in this case and in Case No. 536638, Russ v.Allstate Insurance Company, which cases were tried together to a jury, the court denied the defendant's motion in Case No. 536638 and reserved decision on the defendant's motion in this case.
The jury could have reasonably found the following facts. On January 10, 1994, the plaintiff was involved in a motor vehicle accident, which is the subject of Case No. 536638. As a result of the motor vehicle accident, the plaintiff sustained injuries to his cervical and lumbar spine. The plaintiff's neck injuries resolved.
Commencing on February 14, 1994, the plaintiff was treated by Dr. Michael J. Falk, a chiropractic physician, for his back injury. On February 3, 1995, Dr. Falk determined that the plaintiff had reached maximum medical improvement and assigned the plaintiff a permanent partial impairment of his back of five percent as a result of the accident of January 10, 1994. The plaintiff's life expectancy at the time of the trial was thirty-five years.
Because of his back injury, the plaintiff has daily pain CT Page 13858 which restricts his activities, such as getting dressed, sleeping on his stomach, competitive tournament fishing, cutting wood, landscaping, mowing the lawn and shoveling the sidewalk.
The plaintiff incurred medical bills in the total amount of $1,773.16 as a result of the accident of January 10, 1994.
The jury awarded the plaintiff economic damages of $1,773.16 and noneconomic damages of $100,000 for injuries sustained in the accident of January 10, 1994.
The jury could have reasonably found the additional facts. On June 30, 1995, the plaintiff was involved in the motor vehicle accident which is the subject of this case. He returned to Dr. Falk on July 20, 1995, and Dr. Falk found that the plaintiff's chief complaints were dorso lumbar spine pain and left leg paresthesia, a numbing, tickling or prickly sensation. The left leg paresthesia was a new complaint. At the time of the plaintiff's last visit to Dr. Falk on October 30, 1996, Dr. Falk found continued back pain and periodic sciatic neuralgia influencing the leg and buttock area. Dr. Falk assigned no additional permanency to the plaintiff as a result of the June 30, 1995 accident.
At the time of the trial the plaintiff's back had not improved to the level he was at in May, 1995. As a result of both accidents, the plaintiff can not lift, or participate in general outdoor activities, including mountain biking and collecting old bottles.
The plaintiff incurred medical bills in the total amount of $1,725.05 as a result of the second accident of June 30, 1995.
The jury awarded the plaintiff economic damages of $1,725.05 and noneconomic damages of $100,000 for the injuries sustained in the accident of June 30, 1995.
"The trial court has the inherent power to set aside a jury verdict which, in the court's opinion, is either against the law or the evidence . . . . Pursuant to this power, the trial court has the right and duty to set aside a verdict as being excessive or inadequate." O'Brien v. Seyer, 183 Conn. 199, 208 (1981). The jury award should be sustained so long as it does not shock the sense of justice. Herb v. Kerr, 190 Conn. 136, 139 (1983). CT Page 13859
In considering a motion for remittitur, the court must determine whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Woodv. Bridgeport, 216 Conn. 604, 611 (1990).
In this case the jury made the same award of $100,000 noneconomic damages for the accident of June 30, 1995 as it did for the prior accident of January 10, 1994, notwithstanding the following. The attending chiropractor in both cases assigned a five percent permanency to the injuries sustained in the first accident and assigned no additional permanency to the injuries in the second accident. The plaintiff testified that he had not improved at the time of trial to the level he was at prior to the second accident, but did not indicate any specific complaints or aggravation of preexisting complaints from which he continued to suffer. The restriction of the plaintiff's activities as a result of both accidents were similar to the restriction of his activities from the injuries he sustained in the first accident and may not be attributed solely to the second accident.
The court, therefore, finds that the amount of $100,000 for noneconomic damages in this case falls outside the limits of fair and reasonable compensation in this case and so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice or mistake.
Accordingly, the verdict is set aside and a new trial is ordered unless the plaintiff within ten days from the date hereof shall file with the clerk a remittitur of $80,000 to the amount of the verdict, but if such remittitur is so filed, then the plaintiff shall recover of the defendant $21,725.05.
Hendel, J.