[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO SET ASIDE VERDICTAND FOR NEW TRIAL, IN THE ALTERNATIVE, FOR A REMITTITUR OF THEJURY VERDICT
After oral argument on defendants' motion to set aside verdict and for a new trial or, in the alternative, for remittitur of the jury verdict, the court denied the motion to set aside and reserved decision on the motion for remittitur.
The jury in this case returned a verdict in favor of the plaintiff of $45,000 for economic damages and $100,000 for noneconomic damages. The defendant has asked for a remittitur of such economic and noneconomic damages.
"The trial court has the inherent power to set aside a jury verdict which, in the court's opinion, is either against the law or the evidence. . . . Pursuant to this power, the trial court has the right and duty to set aside a verdict as being excessive or inadequate." O'Brien v. Seyer, 183 Conn. 199, 208 (1981). The jury award should be sustained so long as it does not shock the sense of justice. Herb v. Kerr, 190 Conn. 136, 139 (1983).
In considering a motion for remittitur, the court must determine whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were CT Page 6389 influenced by partiality, prejudice, mistake or corruption. Woodv. Bridgeport, 216 Conn. 604, 611 (1990).
With respect to the defendants' motion for remittitur as to economic damages, the plaintiff incurred medical bills prior to the trial in the total amount of $10,344.23. Dr. Steven Curland testified that the cost to purchase drugs for the rest of the plaintiff's life would be conservatively $500.00 a year. There was no evidence as to other future medical expenses. The plaintiff made no claim for past or future wage loss.
In view of the evidence, no more than $10,344.23 of the $45,000 awarded by the jury for economic damages was for past medical bills. Accordingly, at least $34,665.37 of the $45,000 must have been awarded by the jury for future drug bills. During the trial, the parties agreed that the plaintiff's life expectancy per the life expectancy tables was 22.4 years. The defendants argue that to award $34,665.37 in future drug bills at a cost of $500.00 per year, the jury would have to find that the 53 year old plaintiff would live an additional 69.3 years.
The jury was not bound to accept the life expectancy tables as to the life expectancy of the plaintiff and could have determined that the plaintiff would live considerably longer than the average life expectancy indicated in the tables. If the jury determined that the life expectancy of the plaintiff was double the plaintiff's life expectancy per the life expectancy tables, or 44.8 years, the plaintiff would live to be approximately 98 and future expenditures for drugs at $500.00 per year would be $22,400. The award of at least $34,655.37 for future expenditures for drugs, therefore, shocks the court's sense of justice and the court finds that the award of $45,000 for economic damages is excessive to the extent of $15,000.
With respect to the defendants' motion for remittitur as to noneconomic damages of $100,000 awarded by the jury to the plaintiff, the plaintiff incurred serious injuries, including a bulging lumbar disc. The $100,000 award for noneconomic damages, therefore, is not excessive.
Accordingly, the verdict is set aside and a new trial is ordered unless the plaintiff within ten days from the date hereof shall file with the clerk a remittitur of $15,000 to the amount of the verdict, but if such remittitur is so filed, then the plaintiff shall recover of the defendant $130,000.00. CT Page 6390
Hendel, J.