DAVID P. CREEM ET AL. *v.* CYNTHIA M. CICERO
(5790)

DUPONT, C. J., BIELUCH and NORCOTT, Js.

Submitted on briefs September 14—decision released November 17, 1987

*Mary Piscatelli Brigham* filed a brief for the appellant (defendant).

*Kevin Nixon* filed a brief for the appellees (plaintiffs).

NORCOTT, J. The defendant appeals from the judgment of the trial court setting aside the jury verdicts for the plaintiffs as inadequate and ordering a new trial unless the defendant filed additurs with the court. The sole issue is whether the trial court's decision to set aside the verdicts constituted an abuse of discretion. We find error in part.

On June 11, 1982, the named plaintiff was the operator of a car that was stopped in a parking area waiting to enter a line of traffic when his car was struck by a car being driven by the defendant. The defendant's car had left the traveled portion of the roadway and traveled easterly approximately sixty-one feet along a sidewalk before striking the plaintiff's car. As a result of the accident, the named plaintiff required medical attention.

By complaint dated February 22, 1983, the named plaintiff instituted this action to recover damages for the injuries he incurred as a result of the defendant's negligence. He was joined in this action by his wife, who sought to recover for loss of consortium. Before trial, the defendant stipulated to liability. The matter was then submitted to the jury as a hearing in damages.

At the hearing in damages the named plaintiff produced evidence that he had injured his neck in the acci-

dent and had been diagnosed as having a 10 percent permanent partial disability of both the neck and left shoulder. Both the named plaintiff and his wife also testified that the injury had restricted his activities around the house. The named plaintiff requested that the jury award him $3310.82 in special damages and further damages for pain and suffering.

The defendant produced evidence that the named plaintiff had twice previously suffered neck injuries. The evidence indicated that on one of those prior occasions the named plaintiff had filed a lawsuit claiming that his neck might be permanently disabled.

The jury returned a general verdict for the named plaintiff in the amount of $3310.86 and also returned a general verdict for his wife, but refused to award any damages for the loss of consortium. The trial court refused to accept either of the verdicts and asked the jury to reconsider their decisions keeping in mind the issue of pain and suffering. The jury deliberated again and returned with the same verdicts. This time the verdicts were accepted and ordered recorded. The plaintiffs then moved to set aside the verdicts claiming that the awards were inadequate as a matter of law. The trial court granted the plaintiffs' motion and ordered a new trial unless the defendant filed additurs with the court in the amounts of $11,689.14 for the named plaintiff and $100 for his wife.

As we have noted before, "[t]here are serious constitutional issues posed by setting aside a jury verdict. This is so because ' "[l]itigants have a constitutional right to have issues of fact decided by the jury." *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 169, 169 A.2d 265 (1961).' " *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 326, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986). Accordingly, a court should be hesitant to set aside a jury's

verdict and must only do so when the jury verdict "so shock[s] the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption." *Shea* v. *Paczowski,* 11 Conn. App. 232, 233, 526 A.2d 558 (1987). "A court should be especially hesitant to set aside a jury's award of damages." *Zarrelli* v. *Barnum Festival Society, Inc.,* supra. " 'The assessment of damages "defies any precise mathematical computation"; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 675, 136 A.2d 918 (1957); and, therefore, establishing damages . . . is a task peculiarly within the expertise of a jury.' " *Zarrelli* v. *Barnum Festival Society, Inc.,* supra.

Once a trial court has acted to set aside a jury's verdict, however, its decision is entitled to great weight. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982). "This is so because '[f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than [an appellate court] can, on the printed record, what factors, if any, could have improperly influenced the jury.' *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972)." *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 327. Accordingly, our function on appeal is to determine whether the trial court's decision to set aside the jury verdicts constituted a " 'clear abuse of discretion.' " *Gerrety Co.* v. *Palmieri,* 11 Conn. App. 226, 230, 526 A.2d 555 (1987).

The defendant's first claim on appeal is that the trial court abused its discretion in setting aside the jury's verdict of "$00" in damages to the named plaintiff's wife and ordering a new trial unless the defendant filed an additur with the court for nominal damages in the amount of $100. It has long been held that when a person's rights have been violated that person is entitled to at least nominal damages as compensation. *Dimmock* v. *New London,* 157 Conn. 9, 16, 245 A.2d 569 (1968);

*Malmberg* v. *Lopez,* 12 Conn. App. 438, 531 A.2d 161 (1987). "Generally, nominal damages are fixed without regard to the extent of harm done and are assessed in some trifling or trivial amount—often only one cent or one dollar. . . ." 1 M. Minzer, J. Nates, C. Kimball, D. Axelrod & R. Goldstein, Damages in Tort Actions (1987) § 2.00; see also *Buden* v. *Dombrouskas,* 147 Conn. 728, 730, 166 A.2d 157 (1960). Our Supreme Court has held, however, that an award of $100 can qualify as nominal damages. *Hammarlund* v. *Troiano,* 146 Conn. 470, 473, 152 A.2d 314 (1959). Thus, we find that the trial court did not abuse its discretion by setting aside the jury's verdict on the loss of consortium and ordering a new trial unless the defendant filed an additur with the court for nominal damages in the amount of $100.

The second claim raised by the defendant is that the trial court abused its discretion in setting aside the jury award to the named plaintiff as inadequate. The trial court's decision to set aside the verdict was based on the court's conclusion that the jury had failed to award any damages for pain and suffering. The court reached this conclusion because the amount of damages awarded by the jury was only four cents greater than the amount of special damages claimed by the plaintiff.

As a general rule, it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages. *Johnson* v. *Franklin,* 112 Conn. 228, 229, 152 A. 64 (1930); 1 M. Minzer, J. Nates, C. Kimball, D. Axelrod & R. Goldstein, supra, § 4.64. The problem with the trial court's application of that general rule in this case is that there was no reasonable basis upon which the court could have concluded that the jury's verdict was limited to special damages. Before deliberating, the jury was instructed to consider both special damages and damages for pain and suffering when fashioning their verdict. In addition, the jury

was given a supplemental instruction in which they were asked to reconsider their verdict keeping in mind the issue of pain and suffering. The named plaintiff made no objection to either of these instructions. Therefore, we may assume that the jury was properly instructed on those principles of law and that they followed those principles in reaching their verdict. *Goodman* v. *Metallic Ladder Mfg. Corporation,* 181 Conn. 62, 65, 434 A.2d 324 (1980).

Furthermore, the verdict rendered by the jury in this case was a general one. As such, it did not indicate what factors the jury considered in making their decision or what monies were awarded as special damages and what monies were awarded as compensation for pain and suffering. *Katsetos* v. *Nolan,* 170 Conn. 637, 658, 368 A.2d 172 (1976). The record before us suggests that the jury could have included both special damages and damages for pain and suffering in its total award to the named plaintiff. The defendant produced evidence which suggested that not all of the special damages incurred by the named plaintiff were attributable to his injury in the car accident, and the court twice instructed the jury on awarding damages for pain and suffering. Without the submission of interrogatories to the jury, the trial court should not have assumed that the jury disregarded its instructions. *Goodman* v. *Metallic Ladder Mfg. Corporation,* supra; *Henry A. Finman & Sons, Inc.* v. *Connecticut Truck and Trailer Service Co.,* 169 Conn. 407, 411, 363 A.2d 86 (1975).

There is error in part, the judgment is set aside as to the named plaintiff only and the case is remanded with direction to reinstate the jury verdict, and to render judgment thereon.

In this opinion the other judges concurred.