NICHOLAS BRENNAN ET AL. *v.* JESSE MANLAPAZ ET AL.
(7062)

DUPONT, C. J., O'CONNELL and STOUGHTON, Js.

Argued May 11—decision released July 11, 1989

*Catherine C. Ziehl,* with whom, on the brief, was *Ernest F. Teitell,* for the appellant (plaintiff).

*Ronald D. Williams,* for the appellee (defendant).

DUPONT, C. J. The plaintiff brought a medical malpractice action against the defendant, claiming that he failed to diagnose and treat properly the plaintiff's fractured wrist.[1] The jury returned a general verdict in favor of the plaintiff, and the trial court subsequently denied the plaintiff's motion to set aside the verdict as inadequate as a matter of law. The plaintiff appeals from the judgment rendered on the jury's verdict.

On August 26, 1981, the plaintiff was seriously injured when a tree fell on him. He was treated at a hospital by the defendant, a neurosurgeon, who performed a successful spinal fusion operation. The plaintiff remained in the hospital for five weeks, during which time he complained of severe pain and discomfort throughout his body, including numbness and tin-

---

[1] Prior to trial, the plaintiff withdrew his suit against the defendant New Milford Hospital.

gling in his left wrist and hand. The defendant did not x-ray or examine the hand while the plaintiff was in the hospital.

After his release, the plaintiff continued to see the defendant about once a month. The testimony of the parties concerning the frequency and timing of the plaintiff's complaints about his wrist during the recovery period is in conflict. On May 7, 1982, the defendant x-rayed the wrist and diagnosed a healed lineal fracture. The defendant testified that he then advised the plaintiff to consult an orthopedic surgeon, as he was not qualified to treat the wrist. Conversely, the plaintiff testified that the defendant never suggested the alleged referral.

In November, 1982, the plaintiff underwent an independent medical examination. An x-ray disclosed a fractured wrist which had developed complications. Over the next two years, an orthopedic surgeon treated the fracture. Treatment included external stimulation and two related bone graft surgeries. At trial, the plaintiff presented evidence of medical expenses incurred for that treatment totalling $8301.03, as well as evidence of past and future pain and suffering and permanent disability. The jury award totalled $8300.

The plaintiff argues that the trial court erred in denying his motion to set aside the verdict. He asserts that the jury awarded only medical expenses, and that its alleged failure to award damages for pain and suffering required the court to grant his motion.[2] The defendant argues that the award does not necessarily represent medical expenses only, and that the trial court did not abuse its discretion in refusing to set aside the verdict.

---

[2] The plaintiff also argues that in the event we find an abuse of discretion, the case should be remanded for a new trial on the issue of damages only. We do not address this claim because of the disposition of the primary issue of this appeal.

In reviewing the trial court's refusal to set aside the verdict, our task is limited to determining whether the court abused its discretion. *Taddei* v. *Schwarz,* 12 Conn. App. 659, 660, 533 A.2d 892 (1987). Because a trial court is in a better position than an appellate court to determine whether a jury's verdict was improperly influenced, its decision should be given great weight and every reasonable presumption of correctness should be accorded to it. *Malmberg* v. *Lopez,* 208 Conn. 675, 679, 546 A.2d 264 (1988), citing *Riccio* v. *Abate,* 176 Conn. 415, 417, 407 A.2d 1005 (1979). A jury's verdict should not be set aside unless it " 'so shock[s] the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption.' *Shea* v. *Paczowski,* 11 Conn. App. 232, 233, 526 A.2d 558 (1987)." *Creem* v. *Cicero,* 12 Conn. App. 607, 610, 533 A.2d 234 (1987). A reviewing court, however, must set aside the verdict if it is manifestly unjust and palpably against the evidence. *Malmberg* v. *Lopez,* supra, 679–80.

The plaintiff argues that the jury award was manifestly unjust because he claims that it included damages for medical expenses only and did not include any sum attributable to pain and suffering. The general rule in Connecticut is that where a plaintiff is entitled to recover damages for pain and suffering, an award limited to nominal or special damages is inadequate as a matter of law and should be set aside. Id., 681; *Johnson* v. *Franklin,* 112 Conn. 228, 229, 152 A. 64 (1930). The plaintiff argues that because he presented evidence of pain and suffering, permanent disability and medical expenses, and because the total jury award was $1.03 less than the total medical expenses, the verdict clearly represented an award for medical expenses only. We disagree. The record suggests that the award could have included both special and general damages.

"The amount of damages to be awarded is a matter particularly within the province of the jury." *Shea* v.

*Paczowski,* supra, 234; *Fox* v. *Mason,* 189 Conn. 484, 489, 456 A.2d 1196 (1983). The jury determines the effect and credibility of the testimony and the weight to be given the evidence. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1982); *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978); *Shea* v. *Paczowski,* supra, 234. In *Creem* v. *Cicero,* supra, this court found that there was no reasonable basis to conclude that the jury's general verdict was limited to special damages, even though the total award was only four cents more than the medical expenses incurred. Because the defendant in that case had presented evidence that some of the plaintiff's damages were attributable to prior injuries, and because the court had instructed the jury on special and general damages, we concluded that the award could have included elements of both. Id., 612.

The present case is similar to *Creem.* In this case, the jury could have believed that the defendant instructed the plaintiff to consult an orthopedic surgeon in May, 1982, and that the plaintiff failed to follow that instruction. An expert testified that treatment of the wrist fracture at that time could have reduced the plaintiff's injury. The court instructed the jury to consider special damages, damages for pain and suffering, and damages for permanent disability. In addition, the court gave an instruction on the plaintiff's duty to follow his doctor's recommendations. Without the submission of interrogatories to the jury, we must assume that the jury followed the court's instructions. *Creem* v. *Cicero,* supra, 612. Accordingly, we conclude that the jury's award fell within the necessarily uncertain limits of just damages. *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986).

There is no error.

In this opinion the other judges concurred.