[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion for a new trial must be granted in this case because of an unjust and contradictory jury award.
The plaintiff claimed at trial that she suffered a serious knee injury as the result of an October 26, 1986, motor vehicle accident. She had two different knee operations in September 1987 and June 1990 and wears a knee brace on the recommendation of her physician. Her physician testified that she had a permanent 15% disability of the knee. The defendant's physician testified that he could not reach a conclusion as to the degree of permanent disability because the plaintiff had not reached maximum medical improvement at the time he examined her. The plaintiff and her physician testified without contradiction that she has suffered a substantial amount of pain and suffering with respect to her knee between the time of the accident and the date of trial. The dispute at trial centered around causation. The plaintiff had injured her back while falling off a chair at work a few months before the accident and had injured the same knee in a second automobile accident on September 2, 1987 (shortly before her first operation). There was also a dispute as to contributory negligence.
This was all grist for the jury's mill. Pursuant to Conn. Gen. Stat. Sec. 52-572h(f) the jury was asked to specify the amounts of economic and noneconomic damages. The jury's verdict was as follows: CT Page 2999
 Economic damages to PLAINTIFF — $10,653.79 Noneconomic damages to PLAINTIFF — 0
The $10,653.79 figure was the exact total of all of the medical bills concerning her knee that the plaintiff had incurred from the date of the accident in question to the date of trial. (The jury reduced this sum by 30% for contributory negligence pursuant to Conn. Gen. Stat. See. 52-572h(b); the reasonableness of that finding is not questioned.) The jury plainly concluded that all of the plaintiff's claimed economic damages (including the bills for two knee operations) were caused by the accident in question. Yet it concluded in the same verdict that no pain and suffering were caused by the accident. Is such a verdict permissible?
This is an area in which the Court must tread lightly given the fact that the parties have a constitutional right to have issues of fact decided by a jury. "However, it is the court's duty to set aside the verdict when it finds that `it does manifest injustice, and is. . .palpably against the evidence'" Malmberg v. Lopez, 208 Conn. 675, 679-80, 546 A.2d 264 (1988). (Citations omitted.) Controlling precedent makes it clear that such a manifest injustice was done by the verdict here.
"As a general rule, it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages." Creem v. Cicero, 12 Conn. App. 607, 611,533 A.2d 234 (1987). Accord, Malmberg v. Lopez, supra,208 Conn. at 681; Brennan v. Manlapaz, 19 Conn. App. 71, 74, 560 A.2d 988
(1989). This is the law in most jurisdictions. See Annotation, Validity of Verdict Awarding Medical Expenses to Personal Injury Plaintiff, But Failing to Award Damages for Pain and Suffering, 55 A.L.R. 4th 186 (1987).
The seminal, and controlling, case in Connecticut is Johnson v. Franklin, 112 Conn. 228, 152 A.2d 64 (1930). The plaintiffs in Johnson suffered severe injuries in an automobile accident. Verdicts were rendered for the plaintiffs in the exact amount of the special damages shown in the case; nothing was given for pain and suffering or the physical injuries they had suffered. The Supreme Court held on appeal that "[i]f the plaintiffs were entitled to recover damages for their injuries the verdicts are manifestly inadequate and should have been set aside." Id. at 229.
The defendant notes correctly that causation was not an issue in the Johnson case as it was here. The jury's verdict indisputably shows, however, that it resolved the issue of causation, at least as far as the medical bills are concerned, in favor of the plaintiff. How the defendant could be responsible for all of the plaintiff's medical bills but none of her pain and suffering or permanent physical injury is inexplicable. CT Page 3000
The trial court in Johnson had held that the verdicts were inadequate but had refused to set them aside on the ground that they were "an award of nominal damages for the plaintiff in the nature of a verdict for the defendant." 112 Conn. at 229. This decision was held to be erroneous since the verdicts were in fact "substantial." Id. at 230. The Supreme Court reasoned that a new trial under these circumstances should be granted only "where the plaintiff ought not to prevail." Id. That was not, however, the case in Johnson, and it surely is not the case here. The defendant here concedes that the jury's verdict was not nominal. Memorandum of defendant at 6. Moreover, as in Johnson, there was at best a conflict in the evidence. The evidence supporting the defendant's case cannot be said to be so clear and convincing that it would require this court to set the verdict aside upon motion of the defendant. Id. at 232. It follows that, if the plaintiff is entitled to a verdict, the one rendered was manifestly inadequate, and the motion to set them aside should be granted. Id.
Conn. Gen. Stat. Sec. 52-228b provides that "[n]o. . .verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable." Both parties argue that, in the event that the Court is inclined to set the verdict aside, it must order an additur in accordance with this provision. The Court does not agree. The problem with the verdict in this case is not that it is inadequate but that it is contradictory and unjust. Standing by themselves, the jury's respective awards of economic and noneconomic damages would not be questioned by the court. Considered together, however, they are inexplicable. The award of economic damages indicates a finding that the defendant caused all of the plaintiff's injuries (the adjustment for contributory negligence aside). The award of noneconomic damages indicates a finding that the defendant caused none of them. As in Malmberg v. Lopez, supra, "the jury's intent. . .is known only to the jurors, and this court's endorsement of one plausible explanation of the verdict over another would amount merely to speculation."208 Conn. at 683. No additur was ordered in Malmberg, which also involved an award of zero damages, and none should be awarded here.
Malmberg v. Lopez, also requires that a new trial not be limited to the issue of damages. Accord Fazio v. Brown, 209 Conn. 450,551 A.2d 1227 (1988). The ambiguity inherent in the jury's verdict requires a rehearing in full, on both liability and damages. Malmberg, supra, 208 Conn. at 683. Consequently, a new trial is ordered. CT Page 3001