[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ADDITUR AND MOTION TO SET ASIDE VERDICT
This trial was governed by Tort Reform I. The jury entered a defendants verdict for the defendant Theodore M. Yatsinko, the owner of the car driven by the defendant Eric Yatsinko. That verdict was appropriate since the jury may not have been convinced by the evidence that the car operated by the named defendant was used as a family car. The jury found past economic damages to be $15,717.04, the exact amount of the medical expenses and lost wage claim supported by the evidence at the trial. The jury also awarded the plaintiff $21,200 for future economic damages. There were estimates at the trial for the cost of future cervical fusion operations ranging between $15,000 and $25,000. The percentage of permanent partial disability of the plaintiff's cervical spine was contested at the trial. While two doctors called by the plaintiff gave CT Page 6511 disability ratings, one of them on cross examination conceded that the amount of loss of range of motion in various directions of the plaintiff's neck was five to ten degrees. While the testimony of the doctors rated the permanent partial disability of the plaintiff's neck at between 20 percent and 35 percent, one doctor gave the opinion that a two level fusion operation would result in a 50 percent improvement in the plaintiff's condition.
The jury could reasonably assign $21,200 as the amount of future economic damages. Moreover, a total verdict of $36,917.04 is reasonable and supported by the evidence if the components of the award are disregarded. The court should not set a verdict aside where the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation under the facts of the case. Malmberg v. Lopez, 208 Conn. 675, 680; Sepe v. Deemy, 9 Conn. App. 524,528. The problem here is that the jury failed to award anything for either past noneconomic damages or future noneconcomic [noneconomic] damages. In an effort to cure the court's concern with the verdict, the jury was reinstructed on the components of damages and directed to reconsider its failure to award anything for noneconomic damages. After brief deliberations, the jury returned with the same verdict with no noneconomic damages.
There is a material difference between plaintiffs' verdicts which award zero damages and nominal damages. A plaintiffs' verdict with a nominal damage award ordinarily suggests that the jury found that despite the defendant's liability, the plaintiff failed to prove damages. Malmberg v. Lopez, supra, 681, 682. On the other hand, the jury's intent in finding the issues for the plaintiff but awarding zero damages requires the court to engage in speculation as to the reasons for the verdict, and generally requires a retrial on both liability and damages. Id. 682; Ginsberg v. Fusaro, 225 Conn. 420, 429, 430. As a general rule it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages or economic damages. Jeffries v. Johnson, 27 Conn. App. 471, 476; Creem v. Cicero, 12 Conn. App. 607, 611. The general rule in Connecticut is that where a plaintiff is entitled to recover damages for pain and suffering, an award limited to nominal or special damages is inadequate as a matter of law and should be set aside. Brennan v. Manlapaz, 19 Conn. App. 71, 74, citing Malmberg v. Lopez, supra 681; Johnson v. Franklin, 112 Conn. 228,229. Where the jury renders a general verdict for CT Page 6512 approximately the amount of the special damages, the verdict does not have to be set aside, because it cannot be presumed that the jury failed to award something for pain and suffering and other components of noneconomic damages. Brennan v. Manlapaz, supra, 75; Creem v. Cicero, supra, 612. The situation here is similar to Jeffries v. Johnson, supra, where the jury found for the plaintiff, awarded economic damages, but gave zero dollars for the amount of the plaintiff's noneconomic damages. In Jeffries, the Appellate Court stated that the trial court could not, consistant with Malmberg v. Lopez, supra, speculate on why the jury awarded no noneconomic damages and remanded the case for the trial court to determine a reasonable additur.
From the evidence at the trial it is clear that the plaintiff has some permanent partial disability of her neck. While the jury can disregard the testimony of any witness, including an expert, there was substantial uncontradicted evidence that that plaintiff had sustained neck injuries in the accident and that she had some permanent partial disability. It is also apparent that the jury believed this, or they would not have awarded $21,200 for future economic damages because there was no evidence of any other future expenses. The plaintiff had completed medical treatment unless she gets a cervical fusion operation as recommended by the doctors, for which the jury evidently awarded $21,200. Even after the operation is performed, the plaintiff will have two fused vertebrae, a permanent condition resulting from the accident. There was also evidence at the trial of pain and suffering even if the jury did not have to find from the evidence any material change in the plaintiff's activities. The verdict is inadequate because it did not consider the amount of the plaintiff's permanent injury, even after an operation, or pain and suffering. Where a verdict is inadequate, it is not set aside "until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable." Section 52-228b
of the General Statutes. When determining an additur the court makes an appraisal of the just damages which should be awarded. Barbieri v. Taylor, 37 Conn. Sup. 1, 6. The jury has already awarded $21,200 towards corrective surgery, which should substantially improve the plaintiff's permanent condition. On the other hand, if the plaintiff elects not to obtain the operation, the $21,200 can be considered substantial compensation towards the permanent partial disability. After considering all the evidence, the court is of the opinion that there should be an additur to the jury's award in the amount of CT Page 6513 $10,000 for past and future noneconomic damages.
It is therefore ordered that the verdict be set aside unless within three weeks from the filing of this decision the defendant files with the clerk an additur in the amount of $10,000. If such additur is filed, judgment may enter upon such filing in the sum of $46,917.04 together with taxable costs. If the additur is not filed within the same three week period, the verdict is set aside and the court orders a new trial on all issues.
ROBERT A. FULLER, JUDGE