[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Helen Gladu suffered economic damages of $13,650 as a proximate result of the admitted negligence of Joao Sousa, which caused a motor vehicle accident on November 28, 1993. So a jury found on December 10, 1997. The same jury awarded Mrs. Gladu "$0" CT Page 1946 non-economic damages despite her claims of pain and suffering related to the injuries caused by Mr. Sousa's negligence and a permanent partial disability of the upper back, shoulders and neck.
Pursuant to Section 52-228b, C.G.S., she has now moved for an additur to the jury's verdict or a new trial on the issue of non-economic damages only.
On the one hand, "the right [to a jury trial] is one obviously immovable limitation on the legal discretion of the court to set aside a verdict". Zarrelli v. Barnum FestivalSociety. Inc., 6 Conn. App. 322, 326 (1986). On the other hand, "it is the court's duty to set aside the verdict when it finds that `it does manifest injustice, and is . . . palpably against the evidence'". Id., 327. And, "(a)s a general rule, it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages". Creem v. Cicero,12 Conn. App. 607, 611 (1987), citing Johnson v. Franklin,112 Conn. 228, 229 (1930). The Johnson case has been recently reaffirmed, albeit distinguished, by the Supreme Court in Malmberg v. Lopez,208 Conn. 675, 681 (1988), where the Court described its holding as follows: "We have held that where the plaintiffs are entitled to recover damages for their injuries an award limited to nominal or special damages is `manifestly inadequate' and should be set aside. . . ." Accord: Childs v. Bainer, 235 Conn. 107, 117
(1995).
The terms "special damages" and "general damages" have been replaced by statute with the terms "economic damages" and "noneconomic damages," respectively. See General Statutes §52-572h(a)(1). Id., 117, n. 6. The $13,650 awarded by the jury here was specifically denominated as "economic damages" on the verdict form and is virtually identical to the $13,626 claimed by the plaintiff. Thus, it is a case like Jeffries v. Johnson,27 Conn. App. 471 (1992), in which "(t)he award of economic damages . . . make(s) it abundantly clear that the jury found the plaintiff's injuries were in fact caused by the negligence of the defendant, and that the plaintiff was entitled to more than nominal damages". Id., 476. There, the Appellate Court upheld the trial court's setting aside of the jury's verdict of $10,653.79 in economic and zero in non-economic damages as "manifestly inadequate". It is unlike the Creem case, supra, and Brennan v.Manlapaz, 19 Conn. App. 71 (1989), where the use of a general verdict made it impossible for the trial court to determine CT Page 1947 "what monies were awarded as special damages and what monies were awarded as compensation for pain and suffering". Creem v.Cicero, supra at 612.
Mrs. Gladu testified to pain in her shoulders, neck and the back of her head from the time of the accident in 1993 to the time of trial. The jury was entitled to conclude that she was exaggerating the severity and duration of her pain, and there was some evidence in the record to support such a conclusion on its part. It is apparent, however, that she experienced some pain and suffering as a result of this accident. Moreover, the defendant's own expert witness testified that Mrs. Gladu has and will have for the rest of her life a five percent permanent partial disability of her thoracic spine and neck as a result of this accident. So, there is no dispute that she is partially disabled as a result of Mr. Sousa's negligence. The only dispute was as to the extent of her disability, her expert witness having opined that the permanent disabilities to her neck, shoulders and dorsal spine amounted to a total disability of 14%. It was stipulated by the parties that Mrs. Gladu's statistical life expectancy is 33 years.
In view of the undisputed evidence of Mrs. Gladu's permanent, partial disability and the obvious fact that she experienced pain and suffering as a result of this accident, the jury's failure to compensate her at all for these consequences of Mr. Sousa's admitted negligence takes the verdict outside the "necessarily uncertain limits of fair and reasonable compensation" and "shocks (this court's) sense of justice", Briggs v.Becker, 101 Conn. 62, 67 (1924), calling for an additur to the jury's verdict.
I find that fair, just and reasonable compensation for these non-economic damages is $30,000.
If the parties do not accept the court's additur, a new trial will be necessary, and the question arises as to the issues to be considered by the jury at such a retrial. Mrs. Gladu moves that they be limited to the issues of her non-economic damages. The issues of economic and non-economic damages are so interwoven, however, that to separate them would do an injustice to the "case as a whole". Murray v. Krenz,94 Conn. 503, 507 (1920). The Supreme Court, in reversing the Appellate Court's limitation of a new trial to issues of damages, referred to "the principle that a trial court should CT Page 1948 not limit a new trial solely to the issue of damages when liability is contested". Fazio v. Brown, 209 Conn. 450, 457 n. 5 (1988). Here liability was not contested at trial; even had it been, the jury's award of economic damages resolved that issue against the defendant.
In such a circumstance consideration of both fairness and efficiency argue for a limitation of any retrail to issues of damages, both economic and noneconomic.
By no later than March 6, 1998 both parties shall state in writing whether or not they accept the court's additur. If either party does not accept the additur, a new trial is ordered on the issue of damages only.