[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AND MOTION FOR ADDITUR, (#120.51
This action was commenced by the plaintiff,[1] Teresa Jacobsen, ("plaintiff"), on May 19, 1993. In her two count amended complaint, dated December 23, 1993, the plaintiff alleged CT Page 11097 that she was injured as a result of the negligence and recklessness of the defendants, Susan and George Baker ("defendants").
This action arose from a May 20, 1991 accident involving two automobiles. The plaintiff alleged that the defendants' vehicle, which was owned by defendant George Baker and operated by defendant Susan Baker, "crashed into the rear of the [plaintiff's] vehicle . . . with great force and violence and caused the Plaintiff, Teresa Jacobsen, to be thrown about the interior of the vehicle [causing the plaintiff to sustain injuries.]" (Plaintiff's Amended Complaint, p. 2.)
On April 22, 1998, the jury returned a verdict for the plaintiff in the amount of $2,411.20. The jury found that the plaintiff should be awarded $2,411.20 as economic damages and zero as non-economic damages. (Plaintiff's Verdict.)
On April 27, 1998, the plaintiff filed a motion to set aside the verdict as to damages only and for additur. The plaintiff argues that the damages awarded are "inadequate, contrary to law and contrary to the evidence." (Plaintiff's Motion to Set Aside Verdict as to Damages Only and for Additur, p. 1.) The defendants filed their objection on May 18, 1998. Each party has submitted memoranda of law in support of their respective positions.
Pursuant to the Connecticut General Statutes § 52-228b, a verdict may be set aside upon "written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court . . . No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given the opportunity to accept an addition to the verdict of such amount as the court deems reasonable."
Connecticut has consistently accorded great deference to a jury's award of damages. "Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury." (Citation omitted; internal quotation marks omitted.) Childs v. Bainer, 235 Conn. 107, 112,663 A.2d 398 (1995). It is the role of the jury to determine CT Page 11098 witness credibility and weigh the evidence of the testimony therefrom. Id.
"Undoubtedly, it is the duty of the trial court to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence . . ." (Citation omitted; internal quotation marks omitted.) Parasco v. Aetna Casualty andSurety Co., 48 Conn. App. 671, 675 (1998); see alsoChilds v. Bainer, supra, 235 Conn. 113.
"The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, mistake or corruption. . . . In reviewing this issue, our sole responsibility is to decide whether, on the evidence presented, the jury could fairly have reached the conclusion it did." (Citation omitted; internal quotation marks omitted.)Childs v. Bainer, supra, 235 Conn. 113-14. "In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Internal quotation marks omitted.) Marchetti v. Ramirez,240 Conn. 49, 56, 688 A.2d 1325 (1997).
The Supreme Court of Connecticut held that when ruling on a motion for additur three things are to be considered. "We have previously explored the parameters of a trial court's discretion in ruling on a motion for additur. We have considered whether: (1) the jury award "shocks the conscience"; . . . (2) the plaintiff, who has proved substantial injuries, is awarded inadequate damages; . . . and (3) the verdict is "inherently ambiguous." (Citations omitted.) Childs v. Bainer, supra,235 Conn. 114-15.
The plaintiff argues that the jury's verdict is inadequate because it did not award any noneconomic damages. However, "[a] fact finder is not required to award noneconomic damages simply because economic damages are awarded." Parasco v. Aetna Casualtyand Surety Co., supra, 48 Conn. App. 676; see also Childs v.Bainer, supra, 235 Conn. 121. "[T]he language chosen by the legislature reflects an intention that juries should separately determine awards of economic and noneconomic damages and does not hint of a requirement that an award of one type of damages CT Page 11099 necessarily requires an award of the other type of damages."Childs v. Bainer, supra, 235 Conn. 121-22.
"As a general rule, it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages." Creem v. Cicero, 12 Conn. App. 607, 611,533 A.2d 234 (1987), citing Johnson v. Franklin, 112 Conn. 228, 229,152 A. 64 (1930); see also Gladu v. Sousa, Superior Court, judicial district of Waterbury, Docket No. 122949, (Feb. 18, 1998, Shortall, J.) (21 Conn. L. Rptr. 308). "We have held that where the plaintiffs are entitled to recover damages for their injuries an award limited to nominal or special damages is `manifestly inadequate' and should be set aside. . . ." Malmberg v.Lopez, 208 Conn. 675, 681, 546 A.2d 264 (1988); see also Gladu v.Sousa, supra, 21 Conn. L. Rptr. 308.
The superior courts of this state have held that when the amount "specifically denominated as `economic damages' on the verdict form is virtually identical to the [amount] claimed by the plaintiff . . . [then it is] `abundantly clear that the jury found the plaintiff's injuries were in fact caused by the negligence of the defendant, and that the plaintiff was entitled to more than nominal damages.'" Gladu v. Sousa, supra, 21 CONN. L. RPTR. 308, quoting Jeffries v. Johnson, 27 Conn. App. 471,476, 607 A.2d 443 (1992).
When the full amount requested was awarded as economic damages, "it is inconsistent for the jury to believe the plaintiff as to her economic damages and to totally disbelieve the evidence she presented as to noneconomic damages. If the jury believes she was injured so as to require treatment and incur medical bills, it was inconsistent to find that these same injuries did not cause any pain or suffering and award no noneconomic damages." Horan v. Seigel, Superior Court, judicial district of New London, Docket No. 534152 (May 1, 1997, Hurley,J.) (19 CONN. L. RPTR. 418).
The decision to deny a motion for additur is a matter of judicial discretion. Childs v. Bainer, supra, 235 Conn. 109; see also Waskewicz v. DeTullio, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 49192S, (Feb. 3, 1997,Flynn, J.) The trial court must determine whether the jury's verdict and award of damages was inadequate based on the evidence presented at trial. Where the jury did not find the plaintiff's evidence credible, it was held that it was not unjust to award CT Page 11100 economic damages but no noneconomic damages. See Prince v.Sanderson, Superior Court, judicial district of Litchfield, Docket No. 069723, (July 11, 1997, Dranginis, J.).
Where the extent, nature and duration of the plaintiff's injuries are in dispute and "hotly contested . . . the existence of conflicting evidence limits the court's authority to overturn a jury's verdict." Childs v. Bainer, supra, 235 Conn. 116. "The existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible and what effect it is to be given." Childs v. Bainer, supra, 235 Conn. 116; see also Ford v.Blue Cross and Blue Shield of Connecticut, Inc., 216 Conn. 40,58, 578 A.2d 1054 (1990); Beverly v. State, 44 Conn. App. 641,647, 691 A.2d 1093 (1997). Also, if the court finds that the jury did not award the full amount of claimed economic damages, it can uphold a jury's verdict and deny the motion for additur and to set aside the verdict. Childs v. Bainer, supra, 235 Conn. 117.
The court finds, based on the testimony and evidence presented at trial, that the amount awarded as economic damages was different from the amount claimed, that the issues were hotly contested and disputed, that some testimony and/or witnesses were more credible than others, the jury's verdict and award should stand, and the motion to set aside the verdict and for additur are denied, as the award is adequate and consistent with the law and evidence.
The court finds that the damages awarded to the plaintiff were adequate and consistent with both the law and the evidence, and the plaintiff's motion to set aside the verdict and for additur are denied, and the defendant's objection is sustained.
HICKEY, J.