[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT/MOTION FOR ADDITUR
Thejury could reasonably have found the following facts. The plaintiff, Duncan Brodie, and the defendant, Eric Vinson, were involved in an automobile accident on June 3, 1995. (Plaintiff's Exhibit T, Police Accident Report.) The plaintiff was driving northbound on Main Avenue in Norwalk when the defendant, traveling in the southbound lane, turned into the plaintiff's lane and the cars collided. (Plaintiff's Exhibit T, Police Accident Report.)
The plaintiff filed suit on October 24, 1995 and the case went to trial. The plaintiff sought $3,916.34 in economic damages and an unspecified amount of non-economic damages.[1] The defendant did not allege in the pleadings that the plaintiff was contributorily negligent. At trial, the defendant contested the CT Page 11817 nature and extent of the plaintiff's injuries.
The jury returned a verdict of $900 in economic damages and zero non-economic damages. On June 2, 1999, the plaintiff filed a motion to set aside the verdict or for additur on the ground that because the jury found liability in favor of the plaintiff, the plaintiff is entitled to the full amount of reasonable medical expenses. Also, the plaintiff argues that it was manifestly unjust for the jury not to have awarded non-economic damages. The defendant objects to the motion and has submitted memoranda in opposition.
A motion to set aside the verdict, or for an additur, is governed by General Statutes § 52-228b, which provides, in pertinent part, that "[n]o verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support . . . No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable." The trial court is granted broad legal discretion in ruling on a motion to set aside a verdict. Palomba v. Gray, 208 Conn. 21, 24,543 A.2d 1331 (1988).
The court accords great deference to a jury's award of damages. "Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . . . Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Citations omitted; internal quotation marks omitted.) Childs v. Bainer,235 Conn. 107, 112-13, 663 A.2d 398 (1995).
"If, on the evidence, the jury could reasonably have decided as they did, [the reviewing court] will not find error in the trial court's acceptance of the verdict. . . . However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the CT Page 11818 evidence. . . . The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, mistake or corruption." (Citation omitted; internal quotation marks omitted.) Id., 113-14.
The plaintiff first argues that the award of economic damages was inadequate as a matter of law and resulted from mistake. Specifically, the plaintiff contends that it is entitled to $2,656.74 in economic damages.[2] At trial, the plaintiff introduced in evidence a Norwalk Hospital medical record and a bill from the hospital that totaled $1,606.74. The plaintiff also introduced a doctor's bill in the amount of $150. The plaintiff argues that the court should add this to the $900 that was awarded to the plaintiff for a total of $2,656.74.
"`Economic damages' means compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care. . . ." General Statutes § 52-572h(a)(1). According to the hospital record entitled "Mobile Emergency Medical Service Record," a paramedic found the plaintiff after the accident seated in the car holding his head. (Plaintiff's Exhibit G.) The paramedic transported the plaintiff who was strapped to a spine board to the hospital, where the plaintiff was subjected to several medical tests. He remained there from 8:51 a.m. to approximately 3:00 p. m. (Plaintiff's Exhibit G.) In addition to this hospital visit, the plaintiff saw an orthopedic specialist to determine if the accident had harmed the plaintiff's knee. (Plaintiff's Exhibit I.) The plaintiff had previously undergone knee surgery. (Plaintiff's Exhibit I.) The defendant does not argue that these visits were unreasonable or unnecessary.
It is apparent that by an award of $900 the jury found the issue of liability in favor of the plaintiff. An award of $900 shows that the jury did not intend to award nominal damages, and that the plaintiff was entitled to recover at least part of his medical expenses. See Creem v. Cicero, 12 Conn. App. 607, 611,533 A.2d 234 (1987) (nominal damages are generally fixed without regard to the extent of harm done and are usually assessed in a trivial amount, often only one cent or one dollar). The defendant never alleged in the pleadings that the plaintiff was contributorily negligent. Accordingly, the defendant did not argue that the plaintiff was contributorily negligent, nor did CT Page 11819 the court provide a jury charge instructing the jury to consider the plaintiff's negligence. See General Statutes § 52-114;Sady v. Liberty Mutual Ins. Co., 29 Conn. App. 552, 557,616 A.2d 819 (1992) (the defendant's failure to plead contributory negligence precludes any inquiry on its part into acts of negligence by the plaintiff). Therefore, the court must presume that the jury found that the defendant was solely liable for the accident. See General Statutes § 52-114.
Accordingly, any award of damages that is substantially less than the reasonable economic damages must have been the result of mistake on the part of the jury. The plaintiff is therefore entitled to $1,756.74, the entire amount of medical expenses attributable to the hospital stay immediately after the accident, and the orthopedic specialist visit and examination costing $150.00 three days after the accident. These medical expenses are reasonable, and are as a result of the accident that the jury found was caused by the defendant's negligence.
The plaintiff argues that $1,756.74 should be added to $900, for a total economic damage award of $2,656.74. The plaintiff argues that the chiropractic bill was $910, and the award was $900, and so therefore the jury must have intended to award the chiropractic bill.[3] The court should not speculate as to the intent of the jury in awarding damages. "The jury's intent . . . is known only to the jurors, and this court's endorsement of one plausible explanation of the verdict over another would amount merely to speculation." (Internal quotation marks omitted.)Jeffries v. Johnson, 27 Conn. App. 471, 477, 607 A.2d 443 (1992) (quoting Malmberg v. Lopez, 208 Conn. 675, 683, 546 A.2d 264
(1988)). Cf. Brennan v. Manlapaz, 19 Conn. App. 71, 73-74,560 A.2d 988 (1989) (where an damage award was $1.03 less than the claimed amount of economic damages, the court could not conclude that the jury intended to award solely economic damages without evidence showing that the award could not have included noneconomic damages). Here, the court cannot conclude that the jury intended the $900 award to be in compensation for the chiropractor's bill. The jury could have plausibly reached this result by dividing $1,756.74 roughly in half, or by a myriad of other calculations. Accordingly, the court cannot lend credence to the theory that the jury intended to award the chiropractic bill. This theory is further weakened by the plaintiff's testimony of how he came to visit the chiropractor several weeks post accident.
The next issue is whether the plaintiff is entitled to the CT Page 11820 other claimed medical expenses besides the expenses resulting from the initial hospital visit and the trip to the orthopedic specialist. The defendant points to the orthopedic specialist's report, dated June 6, 1995, three days post accident, which contains a statement that the plaintiff was "basically . . . recovered" from the automobile accident. (Plaintiff's Exhibit I.) The defendant argues that the jury could reasonably have found that any medical bills after this doctor's visit were not necessary. Because all other claimed medical expenses, including the chiropractor's bill, were incurred after this doctor's visit, the defendant argues that the jury reasonably could have decided not to award the plaintiff damages for these additional medical expenses.
The necessity of the medical expenses after the visit to the orthopedic specialist was contested at trial. In light of the evidence that the plaintiff had "basically" recovered at the time of the visit to the orthopedic specialist, the jury could have reasonably concluded that the subsequent expenses were not necessary or reasonable. Therefore, the court will not award an additur for these expenses. See Childs v. Bainer, supra,235 Conn. 114 (if the jury could fairly have reached the conclusion it did, then the court should not overturn the jury's decision). Accordingly, the plaintiff is awarded an additur for economic damages in the amount of $856.74, to be added to the $900 for a total amount of $1756.74 for reasonable and necessary medical expenses.
The plaintiff next argues that the failure to award non-economic damages was manifestly unjust. "The general rule in Connecticut is that where a plaintiff is entitled to recover damages for pain and suffering, an award limited to nominal or special damages is inadequate as a matter of law and should be set aside. . . . Johnson v. Franklin, 112 Conn. 228, 229,152 A. 64 (1930)" (Internal quotation marks omitted.) Jeffries v.Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).[4]
However, where there is conflicting evidence regarding the cause, nature and extent of the injuries, the failure to award non-economic damages is not inadequate as a matter of law. SeeChilds v. Bainer, supra, 235 Conn. 116. The test is whether the jury could reasonably have concluded that the plaintiff was not entitled to damages for pain and suffering. Id., 116-17.
Here, the plaintiff has submitted evidence of pain and suffering. According to the "Mobile Emergency Service Record," the plaintiff was discovered by a paramedic sitting in his car CT Page 11821 after the accident holding his head and "probable LOC for a few seconds." (Plaintiff's Exhibit G.) The paramedic put a neck collar on the plaintiff and transported the plaintiff to the hospital on a spine board. (Plaintiff's Exhibit G.) At the hospital, the plaintiff complained of back pain, and was given Tylenol. (Plaintiff's Exhibit G.) There was extensive damage to the plaintiff's car from impact. (Plaintiff's Exhibits E-1, E-2, E-3.) Also, the plaintiff submitted pictures (Plaintiff's Exhibits F-1, F-2, F-3), of bruises on his leg and arm after the accident. The plaintiff testified at length concerning his pain and suffering. The jury could have found that this evidence of pain was somewhat refuted by the fact that the hospital tests did not disclose any serious injury, and the plaintiff's doctor three days later stated that the plaintiff was "basically" recovered. (Exhibit G, I.) However, even if the jury could have found that the plaintiff did not suffer any serious or permanent injury, given the evidence submitted by the plaintiff, it would be unreasonable for the jury to conclude that the plaintiff did not suffer any pain.[5]
Accordingly, the plaintiff is awarded an additur of $2,000.00 as non-economic damages for pain and suffering, which when added to the increased economic damage award of $1756.74 amounts to a total award of $3756.74.
BALLEN, J.T.R.